# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL RUBINO,<br><br>Petitioner,<br>vs.<br>KATHLEEN ALLISON, Warden, CSATF,<br><br>Respondent. | CASE NO. 11cv665 WQH(WVG)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 21) filed on November 21, 2011, recommending that the Court grant Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 6).

**I.    Background**

On February 22, 2007, Petitioner was sentenced to 73 years to life imprisonment. On October 22, 2008, the California Supreme Court denied review of Petitioner's convictions. (ECF No. 1-2 at 28). On February 10, 2009, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. (Lodgment No. 1). On November 3, 2009, the Superior Court denied the petition. (ECF No. 1-2 at 30).

On March 16, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodgment No. 2). On April 19, 2010, the Court of Appeal denied the petition. (ECF No. 1-2 at 36).

On March 24, 2011, Petitioner filed a petition for writ of habeas corpus in the California

Supreme Court. (Lodgment No. 3). On September 14, 2011, the California Supreme Court denied the petition. (ECF No. 20 at 3).

On March 24, 2011, Petitioner initiated this action by filing his Petition for Writ of Habeas Corpus in this Court. (ECF No. 1). On August 17, 2011, Respondent filed a Motion to Dismiss. (ECF No. 14). On October 17, 2011, Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 18).

On November 22, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Respondent's Motion to Dismiss. (ECF No. 21). The Magistrate Judge concluded that the Petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling. On January 10, 2012, Petitioner filed Objections to the Report and Recommendation. (ECF No. 24).

## II.    Standard of Review

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III.   Discussion

The Report and Recommendation states that pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had until January 20, 2010, to file his Petition For Writ of Habeas Corpus in this Court. The Report and Recommendation states that Petitioner was entitled statutory tolling while he was properly pursuing his state remedies. The Report and Recommendation states that Petitioner is not entitled to statutory tolling for the 133 day delay between the California Superior Court's denial of Petitioner's petition for writ of habeas corpus and Petitioner's filing of a petition for writ of habeas corpus in the California Court of Appeal because the delay was unreasonable. The Report and Recommendation states that Petitioner is not entitled to statutory tolling for the 399 day delay between the California

Court of Appeal's denial of Petitioner's petition for writ of habeas corpus and Petitioner's filing of a petition for writ of habeas corpus in the California Supreme Court because the delay was unreasonable.  The Report and Recommendation concludes that: "[a]dding together the two periods of time when the statute of limitations was not tolled (133 days + 339 days), results in a total of one year, four months and thirteen days, which is beyond the one year statute of limitations mandated by [AEDPA]."  (ECF No. 21).  The Report and Recommendation also concludes that "Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations." *Id*. at 11.  The Report and Recommendation recommends that the Motion to dismiss the Petition for Writ of Habeas corpus be granted on the grounds that the Petition is untimely.

Petitioner objects to the Report and Recommendation and contends that "none of the state courts found the petition to be untimely; therefore, the petition was not untimely." (ECF No. 24 at 2).  Petitioner contends that the California Court of Appeal "issued a reasoned decision that clearly denied the petition on the merits and [did] not dismiss it as untimely... [which] is a clear indication that the state court felt that no procedural default should be imposed ...." *Id.* at 2-3 (quotation omitted).  With regard to the 133 day delay, Petitioner relied on the holding in *Stafford v. Carey,* 312 F.3d 1031 (9th Cir. 2002) that a delay of 4 ½ months was not unreasonable.  With regard to the 339 day delay, Petitioner contends that there was good cause for the substantial delay because he conducted an additional investigation between filing his petition for writ of habeas corpus in the California Court of Appeal and the California Supreme Court.  Petition contends that the California Supreme Court did not hold or cite to any cases indicating that the petition was untimely.  Petition also contends that he is entitled to equitable tolling on the grounds that he erroneously relied on the *Stafford* holding.

The Magistrate Judge correctly states that the Supreme Court held in *Evans v. Chavis*, 546 U.S. 189 (2006), that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Id.* at 197. The Supreme Court stated that federal courts must assume that California law regarding timeliness

does not differ significantly from other states which use a thirty or sixty day rule. *Id.* The Ninth Circuit Court of Appeals has held that gaps of time as short as 81 days between state court petitions for writs of habeas corpus, without adequate explanation, are unreasonable under California law. *See Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011) (holding that 81 and 91 day gaps were unreasonable because there was not "an adequate explanation for these lengthy delays, and [there was no] indication from the California courts that the petitions are timely...."); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that 101 and 115 day gaps were unreasonable); *see also Waldrip v. Hall*, 548 F.3d 729, 737-38 (9th Cir. 2008) (considering the petitioner's "attempts to explain or justify the delay in his state court filing" but concluding that the delay of more than six months was "unjustified").

In this case, there was a 133 day delay between the California Superior Court's denial of Petitioner's petition for writ of habeas corpus and Petitioner's filing of a petition for writ of habeas corpus in the California Court of Appeal. The Magistrate Judge correctly found that the unexplained delay was unreasonable.

In this case, there was a 399 day delay between the California Court of Appeal's denial of Petitioner's petition for writ of habeas corpus and Petitioner's filing of a petition for writ of habeas corpus in the California Supreme Court. The Magistrate Judge stated that "unexplained" delay was unreasonable. (ECF No. 21 at 7). Petitioner contends that he explained the delay in his petition for writ of habeas corpus in the California Supreme Court and that the delay was reasonable.

On April 19, 2010, the California Court of Appeal denied the Petitioner's petition for writ of habeas corpus. Petitioner explained that on May 17, 2010, he received a copy of the trial record from his former appellate counsel. (Lodgment No. 3 at 7). Petitioner explains that prior to being charged with the criminal offense which forms the basis of his current incarceration, Petitioner was subject to a proceeding brought by the California Department of Social Services before an administrative law judge regarding whether Petitioner was suitable to be licensed to operate a foster home. As part of the administrative proceeding, the administrative law judge made a finding that Petitioner had failed to rebut with competent evidence the charge that he had attempted to transport a minor across state lines for sexual

purposes. At Petitioner's criminal trial, Petitioner was provided with an audio tape recorded during the California Department of Social Service's investigation in which Petitioner stated that he was not sexually interested in the minor child from the administrative hearing. Petitioner had not been provided with a copy of the audio tape during the administrative proceeding. Petitioner explains that there was a delay in his filing of the petition for writ of habeas corpus in the California Supreme Court because: "Petitioner determined that trial counsel had not investigated whether the evidence withheld at the prior judicial hearing [the audio tape of Petitioner saying he was not sexually interested in the minor child] might have altered the [administrative law] judge's finding [that Petitioner had failed to rebut with competent evidence that he had attempted to transport a minor across state lines for sexual purposes]." *Id*.

Petitioner sought funds to hire a private investigator from his cousin. On September 5, 2010, Petitioner hired a private investigator. On February 24, 2011, "it was learned that the administrative law judge that entered the prior judicial findings would not cooperate with Petitioner's investigation." *Id*. at 8. On March 24, 2011, Petitioner filed the petition for writ of habeas corpus in the California Supreme Court asserting that he was denied effective assistance of counsel because his trial attorney did not try to admit a redacted version of the administrative law judge's findings and the trial attorney did not determine if the administrative law judge's findings would have been different if she had received the audio tape of Petitioner saying that he was not sexually interested in the minor child. The California Supreme Court denied the petition for writ of habeas corpus, but did not comment on the timeliness of the petition.

The Court finds that Petitioner offered an explanation for his 399 day delay between the California Court of Appeal's denial of his petition for writ of habeas corpus and Petitioner's filing of a petition for writ of habeas corpus in the California Supreme Court. However, Petitioner could have raised his argument regarding ineffective assistance of trial counsel prior to the petition for writ of habeas corpus filed in the California Supreme Court and Petitioner was able to make his argument regarding ineffective assistance of counsel without any additional information from the administrative law judge. In addition, Petitioner did not hire

the private investigator until 111 days after the California Court of Appeal had denied his petition for writ of habeas corpus. This Court finds that the Magistrate Judge correctly concluded that the 399 day delay was unreasonable. This Court finds that the 399 day delay is not justified.

Petitioner also contends that he is entitled to equitable tolling on the grounds that he was "affirmatively misled" by *Safford v. Carey* into believing that an unexplained delay of 4 ½ months between his habeas filings was reasonable. (ECF No. 24 at 9). The Court of Appeals for the Ninth Circuit has found that a petitioner is not entitled to equitable tolling due to a "mistaken reliance on [*Saffold v. Carey*] as creating a bright-line rule for timeliness of California habeas petitions ...." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). The Magistrate correctly found that "Petitioner's reliance on *Safford v. Carey* is misplaced," and that Petitioner is not entitled to equitable tolling. (ECF No. 21 at 9). The Magistrate Judge correctly concluded that the Petition is barred by the one year statute of limitations set forth in AEDPA.

**IV.    Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

**V.    Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 21) is ADOPTED except for the word "unexplained" at page 7 line 15. Respondent's Motion to

1  Dismiss the Petition for Writ of Habeas Corpus (ECF No. 6) is GRANTED. The certificate
2  of appealability is DENIED.
3  DATED: March 6, 2012

                                        *William Q. Hayes*
4                                       **WILLIAM Q. HAYES**
5                                       United States District Judge